# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CRAIG S. KIRKWOOD,** | **CASE NO. 1:19 CV 2322** |
| Plaintiff, | **JUDGE CHRISTOPHER A. BOYKO** |
| v. | |
| **CLEVELAND CLINIC,** | **OPINION AND ORDER** |
| Defendant. | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Craig S. Kirkwood filed this action under Title VII, 42 U.S.C. § 2000e against his former employer, the Cleveland Clinic. In the Complaint, Plaintiff alleges he was subjected to retaliation after filing a discrimination charge in 2014. He does not specify the relief he seeks.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

## I.  BACKGROUND

Plaintiff's Complaint is very brief and contains few facts. He states he was hired by the Cleveland Clinic in 2013. His most recent position was that of Police Officer 2. In 2014, he raised discrimination allegations. He was able to resolve that dispute with the Cleveland Clinic and they reinstated him to the police training program. He indicates he was subjected to increased surveillance from the summer of 2014 until July 19, 2019 when he was terminated

from employment. He was suspended without pay in May 2019. He indicates the Cleveland Clinic was aware of his second discrimination charge when they suspended him again in June 2019. He contends he was subjected to retaliation when during that suspension, he employment was terminated. He appealed that decision and received a hearing; however, the decision was permitted to stand. Plaintiff contends the Cleveland Clinic retaliated against him for engaging in activities protected by Title VII.

## **II. LAW AND ANALYSIS**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Curt is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the

assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

The Court is aware that, at this stage, Plaintiff is not required to plead his discrimination claim with heightened specificity. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002). Nevertheless, Plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Even though a Complaint need not contain detailed factual allegations, its must contain enough facts to raise the right to relief above the speculative level on the assumption that all the allegation in the complaint are true." *New Albany Tractor v. Lousiville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555.)

Plaintiff's Complaint never rises above the speculative level. The Court is left to guess at the basis of the discrimination, what occurred in 2014, what occurred in May and June 2019 that resulted in his suspensions and eventual termination and why Plaintiff concludes these actions were discriminatory or retaliatory. This is not sufficient to state a plausible claim for relief that meets the basic federal pleading requirements. *See* FED. CIV. R. 8 (Complaint must provide "a short and plain statement of the claim" made by "simple, concise, and direct allegations."); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)

(legal conclusions alone are not sufficient to present a valid claim, and court is not required to accept unwarranted factual inferences).

### III. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted. This action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

DATE: 2/10/2020

s/ Christopher A. Boyko

CHRISTOPHER A. BOYKO
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.